STRATFORD VILLAGE TOWNHOUSES, LLC,

        Plaintiff,

      v.                           Case No.

STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY,

        Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant State Automobile Mutual Insurance Company ("State Automobile"), by and through the undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file its Notice of Removal of the action styled *Stratford Village Townhouses, LLC, v. State Automobile Mutual Insurance Company*, Case No. 2026CV005180, from the Milwaukee County Circuit Court to the U.S. District Court for the Eastern District of Wisconsin, Milwaukee Division. The grounds for removal are as follows:

## I.    The State Court Action

1.    Plaintiff Stratford Village Townhouses, LLC ("Stratford") commenced the underlying action on June 1, 2026, on which it filed its Summons and Complaint in the Milwaukee County Circuit Court, styled *Stratford Village Townhouses, LLC, v. State Automobile Mutual Insurance Company*, Case No. 2026CV005180 (the "State

Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. Stratford's Complaint alleges claims for breach of contract, bad faith, and statutory interest due to failure to timely pay claims under Wis. Stat. § 628.46 against State Automobile. (Compl. ¶¶ 10–22.)

3. State Automobile has not yet filed an answer in the State Court Action, and no answer is required to be filed until July 23, 2026.

4. A true and correct copy of the State Court Docket Sheet reflecting all filings to date is attached hereto as **Exhibit B**.

5. On June 8, 2026, State Automobile was served with a Summons and copy of the Complaint in connection with the State Court Action. A true and correct copy of the affidavit of service is attached as **Exhibit C**.

6. The attached documents constitute the only "process, pleadings and orders" in the State Court Action of which State Automobile is aware. *See* 28 U.S.C. § 1446(a).

## II. Grounds for Removal

7. This action is properly removed to this Court pursuant to 28 U.S.C. § 1441. There is complete diversity of citizenship between Stratford and State Automobile. *See* 28 U.S.C. § 1332(a)(1). Furthermore, based on Stratford's allegations of bad faith, which carry the possibility of punitive damages and attorney's fees, upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1446(b), State Automobile timely filed this

2

Notice of Removal within one year of the filing of the Complaint and within thirty days of State Automobile's receipt through service of a pleading or other paper in which State Automobile could ascertain that the case is removable.

### III.  Procedural Requirements for Removal

8.  The Complaint was served on State Automobile on June 8, 2026. Therefore, the removal of this action is timely in accordance with 28 U.S.C. § 1446(b) because the Notice of Removal was filed within thirty days of State Automobile's receipt of Stratford's Complaint. *See* 28 U.S.C. § 1446(b).

9.  Under 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal. State Automobile is the sole defendant, meaning no other defendant must consent to removal.

10.  Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, motions, and orders that have been filed in the State Court Action are attached hereto as Exhibits A through C.

11.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 130, 1391, 1441(a), and 1446(a) because this action was filed in the Milwaukee County Circuit Court, which is within the territory of the Eastern District of Wisconsin.

12.  No previous application has been made for the requested relief.

13.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Milwaukee County Circuit Court.

3

14. State Automobile has submitted the required filing fee to the Clerk of Court.

15. By filing this Notice of Removal, State Automobile does not waive any defense that may be available to it.

16. If any question arises regarding the propriety of the removal of this action, State Automobile respectfully requests the opportunity to present a brief and/or oral argument in support of its position that this case is removeable.

### A. *Diversity of Citizenship*

17. This is an action with complete diversity of citizenship between Plaintiff and State Automobile. This Court has original jurisdiction over the State Court Action under federal diversity jurisdiction, 28 U.S.C. § 1332, which provides, in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between —
>
> (1) citizens of different States.

28 U.S.C. § 1332(a)(1).

18. Plaintiff Stratford Village Townhouses, LLC is a company registered under the laws of Wisconsin with its principal place of business at 4848 North Lydell Ave., Unit 129, Milwaukee, WI 53217.

19. Defendant State Automobile is a corporation registered under the laws of Ohio, with its principal place of business in Boston, Massachusetts.

4

### B.    *Amount in Controversy*

20.    Upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A removing defendant must show "what the plaintiff hopes to get out of the litigation," and "if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks.").

21.    The Complaint does not allege a total amount in controversy, but, based on Stratford's allegations of bad faith, which carry the possibility of punitive damages and attorney's fees, upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In addition, prior to suit, Stratford asserted that its damages relating to the underlying insurance claim were estimated to be in excess of $1.8 million.

22.    Accordingly, upon information and belief, the amount in controversy between Stratford and State Automobile related to the allegations in the Complaint exceeds the $75,000.00 amount-in-controversy requirement for diversity jurisdiction.

5

## IV. Notice

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Milwaukee County Circuit Court and is being served on Stratford.

## V. Conclusion

Defendant State Automobile hereby removes this case from the Milwaukee County Circuit Court, where it is now pending, to this Court and respectfully requests that this Court assume full jurisdiction of this action and place this action upon the docket of the Court for further proceedings.

Dated: July 1, 2026

Respectfully submitted,

MEISSNER TIERNEY FISHER & NICHOLS S.C.

*/s/ Michael J. Cohen*
Michael J. Cohen (SBN 1017787)
mjc@mtfn.com
David W. McCormack (SBN 1115460)
dwm@mtfn.com
111 E. Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202
Tel: (414) 273-1300
Fax: (414) 273-5840

*Counsel for Defendant, State Automobile Mutual Insurance Company*

6